RECEIVED                    FILED

1  Christopher G. Addy, Esq. (SBN: 256044)
   Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite 401   2011 JAN 13 PM 4:08   2011 JAN 14 PM 2:09
   Los Angeles, CA 90025
3  Tel: 323-988-2400 x 271                CLERK U.S. DISTRICT COURT   CLERK U.S. DISTRICT COURT
   Fax: 866-799-3206                      CENTRAL DIST. OF CALIF.     CENTRAL DIST. OF CALIF.
4  caddy@consumerlawcenter.com            RIVERSIDE                   RIVERSIDE
   Attorneys for Plaintiff,               BY _____   BY _____
5  MARLON ROMERO

6

7

8                      UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
9                           EASTERN DIVISION

10 MARLON ROMERO,                         CV) Case No.: 11 - 00464   RSW (SSx)

11               Plaintiff,               )  COMPLAINT AND DEMAND FOR
                                          )  JURY TRIAL
12       vs.                              )
                                          )  (Unlawful Debt Collection Practices)
13 DIRECT CREDIT CONTROL, INC.,           )
                                          )
14                                        )
                 Defendant.               )
15                                        )

16

17                         VERIFIED COMPLAINT

18     MARLON ROMERO (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the

19 following against DIRECT CREDIT CONTROL, INC., (Defendant):

20                            INTRODUCTION

21   1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15*

22       *U.S.C. 1692 et seq.* (FDCPA).

23   2.  Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection

24       Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

25

                                   - 1 -

                           PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business and is located in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

## PARTIES

6. Plaintiff is a natural person residing in Moreno Valley, Riverside County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a company with its headquarters in Beverly Hills, California.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. The original creditor of the alleged debt is Collision Center of Riverside and the amount of the alleged debt is seven-hundred sixty dollars and forty-six cents ($760.46). (See Exhibit A)

- 2 -

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant refers to claim number 10477 and informs Plaintiff to call phone numbers (310) 538-1403 and (877) 673-6337 when leaving a voicemail messages for Plaintiff. (See Exhibit B)

14. Defendant called Plaintiff and failed to provide meaningful disclosure of its identity in its communications to Plaintiff. (See Exhibit B)

15. Defendant failed to disclose in subsequent communications that the communication was from a debt collector (See Exhibit B).

16. Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not pay the alleged debt. (See, Exhibit A & Exhibit B)

17. Defendant threatened to obtain a judgment against Plaintiff. (*See* Exhibit B)

18. Defendant threatened to garnish Plaintiff's wages. (*See* Exhibit B)

19. On February 2, 2010, Plaintiff mailed a cease and desist letter to Defendant requesting a stop to all communications to Plaintiff. (*See*, Exhibit C)

20. Despite having received Plaintiff's request Defendant continued to contact Plaintiff.

21. To the best of Plaintiff's knowledge and belief Defendant has not filed a lawsuit, garnished his wages, or had judgment entered against him by Defendant.

22. Defendant disclosed information about the alleged debt to Plaintiff's mother-in-law.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on the following:

    a. Defendant violated $\S1692b(1)$ of the FDCPA by communicating with Plaintiff's mother-in-law and failing to identify himself and state that he is confirming or

- 3 -

PLAINTIFF'S COMPLAINT

correcting location information;

b. Defendant violated §1692b(2) of the FDCPA by communicating with Plaintiff's mother-in-law and stating that Plaintiff owed the alleged debt;

c. Defendant violated §1692c(a)(1) by leaving voice mails for Plaintiff before 8:00 a.m;

d. Defendant violated §1692c(b) of the FDCPA by communicating information about the alleged debt to Plaintiff's mother-in-law;

e. Defendant violated §1692c(c) of the FDCPA by contacting Plaintiff after having received Plaintiff's written request to cease all communications;

f. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff;

g. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff;

h. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

i. Defendant violated §1692e(4) of the FDCPA by implying that nonpayment of the alleged debt would result in wage garnishment;

j. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken by threatening to file a lawsuit against Plaintiff and by threatening to have a judgment entered against Plaintiff;

k. Defendant violated §1692e(10) of the FDCPA by using false representation and/or deceptive means to collect the alleged debt; and

l. Defendant violated §1692e(11) of the FDCPA by failing to disclose in

- 4 -

1    subsequent communications that the communication was from a debt collector.

2    WHEREFORE, Plaintiff, MARLON ROMERO requests that judgment be entered

3    against Defendant, DIRECT CREDIT CONTROL, INC., for the following:

4    24. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15*

5    *U.S.C. 1692k,*

6    25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

7    *15 U.S.C. 1692k.*

8    26. Any other relief that this Honorable Court deems appropriate.

9    ## COUNT II
10   ## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION
     ## PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

11   27. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing

12   paragraphs.

13   28. Defendant violated the RFDCPA based on the following:

14
15        a.  Defendant violated *§1788.10(e)* of the RFDCPA by threatening to garnish

          Plaintiff's wages without intending to do so;
16
17        b.  Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls to

          Plaintiff without meaningful disclosure of the caller's identity;
18
19        c.  Defendant violated *§1788.11(d)* of the RFDCPA by placing collection calls to

          Plaintiff repeatedly and continuously so as to annoy Plaintiff;
20
21        d.  Defendant violated *§1788.11(e)* of the RFDCPA by communicating with Plaintiff

          with such frequency as to be unreasonable and to constitute an harassment to
22
          Plaintiff under the circumstances;
23
          e.  Defendant violated *§1788.12(b)* of the RFDCPA by communicating information
24
          regarding the alleged debt to Plaintiff's mother-in-law;
25
          f.  Defendant violated *§1788.13(j)* of the RFDCPA by falsely representing that a

- 5 -

PLAINTIFF'S COMPLAINT

1  legal proceeding was about to be instituted unless payment of the alleged debt

2  was made by Plaintiff; and

3      g.  Defendant violated the *§1788.17* of the RFDCPA by continuously failing to

4  comply with the statutory regulations contained within the FDCPA, *15 U.S.C. §*

5  *1692 et seq.*, as set forth in paragraph 23 above.

6  WHEREFORE, Plaintiff, MARLON ROMERO requests that judgment be entered

7  against Defendant, DIRECT CREDIT CONTROL, INC., for the following:

8  29. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection

9  Practices Act, *Cal. Civ. Code §1788.30(b)*,

10  30. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection

11  Practices Act, *Cal. Civ. Code §1788.30(c)*, and

12  31. Any other relief that this Honorable Court deems appropriate.

13

14  **DEMAND FOR JURY TRIAL**

15  PLEASE TAKE NOTICE that Plaintiff, MARLON ROMERO, demands a jury trial in

16  this case.

17

18  RESPECTFULLY SUBMITTED,

19

20  KROHN & MOSS, LTD.

21  DATED: December 10, 2010    By:

22  Christopher G. Addy
   Attorney for Plaintiff

23

24

25

- 6 -

PLAINTIFF'S COMPLAINT

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA

     Plaintiff, MARLON ROMERO, states as follows:

1.    I am the Plaintiff in this civil proceeding.

2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.    Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, MARLON ROMERO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 12/10/2010

                                 *M Romero*    UCC 1308
                                   MARLON ROMERO

PLAINTIFF'S COMPLAINT

# EXHIBIT A



**DCC**

DIRECT CREDIT CONTROL

**Direct Credit Control**

269 S Beverly Dr - Ste 439
Beverly Hills, CA 90212
Tel : (310) 538-1403  -  Fax : (310) 861-1818

07/06/2010

# 010477
MARLON ROMERO
MARLON ROMERO
25894 Iris Ave # A
Moreno Valley, CA 92551

Creditor Information -
COLLISION CENTER OF RIVERSIDE - COL390

Principal Amount Assigned - $840.46
Total Payments Rec'd - $80.00
Principal Now Due - $760.46
Accumulated Interest - $0.00
****Total Now Due - $760.46

## NOTICE BEFORE LEGAL REFERRAL

DEAR  MARLON ROMERO, MARLON ROMERO

SINCE YOU HAVE COMPLETELY IGNORED OUR EFFORTS TO WORK WITH YOU TO RESOLVE THIS
MATTER OUT OF COURT, YOUR ACCOUNT WILL NOW BE REFERRED TO OUR ATTORNEY'S OFFICE FOR
REVIEW AND DISPOSITION. FOR NOW, WE HAVE CONCLUDED OUR INVESTIGATION AND WE BELIEVE
THAT YOU HAVE THE ABILITY TO PAY THIS ACCOUNT. IT APPEARS THAT WE MUST TAKE LEGAL
ACTION AGAINST YOU TO FORCE PAYMENT.

WHEN LEGAL ACTION IS INITIATED, YOU MAY BECOME LIABLE FOR ALL COSTS ASSOCIATED WITH
SUCH ACTION. WHEN A COURT JUDGMENT IS OBTAINED WE MAY ATTACH A PORTION OF YOUR
PAYCHECK, ATTACH YOUR BANK ACCOUNTS AND/OR FILE A LIEN AGAINST YOUR REAL PROPERTY.

IT IS DCC'S POLICY TO REPORT ALL PAST DUE ACCOUNTS TO THE NATIONAL CREDIT
BUREAU(S)ALONG WITH ANY CURRENT EMPLOYMENT, ADDRESS OR TELEPHONE INFORMATION THAT
WE MAY HAVE GATHERED. ONCE PAID YOUR ACCOUNT MAY THEN BE UPGRADED TO A PAID STATUS,
IMPROVING YOUR CREDIT SCORE.

UPON RECEIPT OF THIS NOTICE WE URGE YOU TO SEND YOUR PAYMENT IN FULL OR IMMEDIATELY
CONTACT OUR OFFICE WITH SUITABLE PAYMENT ARRANGEMENTS.

SINCERELY,

RALPH WHITE
LEGAL DIRECTOR
DCC (310) 538-1403

THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY AND IS AN ATTEMPT TO COLLECT A
DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

We accept VISA and MASTERCARD payments and CHECKS BY PHONE.
All Checks and Money Orders must be made payable to DIRECT CREDIT CONTROL.

WE WILL ACTIVELY ATTEMPT TO LOCATE YOUR CURRENT ADDRESS, TELEPHONE NUMBER(S), SOCIAL SECURITY NUMBER(S),
EMPLOYMENT, BANK ACCOUNTS AND REAL PROPERTY. THIS INFORMATION MAY THEN BE USED TO COLLECT THIS DEBT AND MAY BE
REPORTED TO THE NATIONAL CREDIT BUREAU(S). CALL 310-538-1403 NOW TO CONFIRM OR CORRECT THE INFORMATION AND
PROTECT YOUR CREDIT.

# EXHIBIT B

**Marlon Romero v. Direct Credit Control, Inc**
**Transcribed Voicemails**

Hello this message is for Marlon Romero. Mr. Romero, this is Jason Villa and I am calling from Direct Credit Control in regards to your claim 10477. You called us yesterday and you asked us to call you back. I tried to call you yesterday but was unable to. Please give us a call back. You said that you need help to get the case resolved, so please give us a call, 310-538-1403. Once again this is Jason Villa for Marlon Romero and my phone number is 310-538-1403

Hi, I was given this phone number to reach Marlon and this is David Morgan. Our office has been instructed to prepare a small claims action against you and I want to give you the courtesy of a phone call and see if we can resolve this. I went over the file and I see well you did make a couple of payments, so it looks like you want to take care of this. It has already been reported on your credit report. Once we can get this worked out, we can help you clear that up. Just to let you know that the judgment is good for ten years they do have the right to garnish wages and attach bank account. It is very expensive and you might be responsible for all those legal costs. Give me a call back and we will work something out. We will do everything we can to help you clear this up. The phone number would be 1-877-673-6337 and your reference number is 10477. Thank you very much.

# EXHIBIT C

CERTIFIED, RETURN RECEIPT REQUESTED

Date:    02/02/2010

Direct Credit Control

269 S Beverly Drive # 439,

Beverly Hills, CA, 90212-3851.

Phone: (310)538-1403

RE:   10477

Debtor's Name : Jason Villa and other interested parties.

Dear Mr. Jason Villa,

            This letter is intended to notify you to immediately cease all communication with me, any member of my family, relatives, neighbors or employers pursuant to 15 U.S.C. Section 1692(c), Federal Debt Collection Practices Act, Section 805(c).

      You may notify me in writing of your intention to terminate collection or of your intention to pursue specific remedies. 25894 Iris Ave Unit A, Moreno Valley CA 92555.

      This written notice to cease communication shall not be construed as an admission with respect to the above mentioned account.

Sincerely,

Marlon Romero

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MARLON ROMERO,

PLAINT **CV 11 - 00464** **RSWL**

v.

DIRECT CREDIT CONTROL, INC.,

**SSx**

CASE NUMBER

DEFENDANT(S).

**SUMMONS**

TO:   DEFENDANT(S):  <u>DIRECT CREDIT CONTROL, INC.</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Christopher G. Addy, Esq._____, whose address is _Krohn & Moss, Ltd.; 10474 Santa Monica Blvd., Suite 401; Los Angeles, CA 90025_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated:  **JAN 1 4 2011**

By: _____
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARLON ROMERO

**DEFENDANTS**
DIRECT CREDIT CONTROL, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Krohn & Moss, Ltd.; Christopher G. Addy, Esq.
10474 Santa Monica Blvd., Suite 401; Los Angeles, CA 90025
(323) 988-2400 x 271

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq.; Unlawful and Abusive Debt Collection Practices

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV 11 - 00464

RSWL       SSx

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

JAN 1 4 2011

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date _1/7/11_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 464 RSWL (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY